**In re Troy/Michelle GILLIS, Debtors.**

**No. 01–35395.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 31, 2002.

Randy L. Reeves, Lima, OH, for Debtor.

Anthony B. DiSalle, Toledo, OH, trustee.

Joseph A. Coates, Dayton, OH, for Cashland.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Hearing on the Debtors' Objection to the Proof of claim filed by Cashland, Inc. At the Hearing, the Court held that it would

take the matter under advisement, and permitted the Parties to file supplemental briefs in support of their respective positions. Within the time frame allowed, however, only Cashland submitted a supplemental brief. After reviewing this brief, together with all of the other materials submitted in this case, the Court, for the reasons that will now be explained, finds that the Debtors' objection should be Overruled.

## LEGAL DISCUSSION

At issue in this case is the validity of the proof of claim filed by Cashland, Inc. (hereinafter referred to as simply "Cashland"). As the allowance or disallowance of claims against the estate are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B), this Court has been conferred with the jurisdictional authority to enter final orders in this matter.

In a Chapter 13 case, a creditor must file a proof of claim in order to participate in a distribution of estate assets. *See, e.g., In re Stewart*, 247 B.R. 515, 521 (Bankr. M.D.Fla.2000) ("distributions pursuant to a chapter 13 plan are predicated upon the filing of a proof of claim."). Pursuant to 11 U.S.C. § 502(a), a proof of claim will be deemed to be allowed, and thus entitled to a distribution, unless objected to by a party in interest. In addition, once objected to, a proof of claim will only be disallowed if one of the grounds set forth in § 502 of the Bankruptcy Code is established.

As it applies thereto, the Debtors contend that Cashland's proof of claim should be disallowed in its entirety because, in violation of § 502(b)(1), the claim is unenforceable under applicable law. In particular, the Debtors contend that Cashland's claim violates O.R.C. § 1315.41(D) because it seeks treble damages. In opposition thereto, it is the position of Cashland that its proof of claim does not improperly seek treble damages, but instead merely seeks permissible liquidated damages in the amount of One Hundred Eighty-three dollars ($183.00). As it relates to this argument, Cashland asserts that in lieu of receiving liquidated damages, it would still be entitled to assert a claim of Two Hundred Twenty-eight and 33/100 dollars ($228.33) on account of accrued prepetition interest. In addition, Cashland has challenged the Debtors' objection on procedural grounds; namely, that the Debtors were dilatory in filing their objection.

Relevant to the respective positions of the Parties are these particular facts:

On April 14, 2001, the Debtor, Michelle Gillis, obtained a payday advance loan from Cashland in the amount of $500.00. For the loan, the Debtor presented to Cashland two checks in the amount of $287.50 each. As a loan origination fee, the Debtor was charged $75.00. The terms of the Parties' contract provided that the Debtor would be charged an annual percentage rate of 121.67% pursuant O.R.C. § 1315.35 to 1315.44.

On April 29, 2001, the Debtor's checks were presented for payment, but were returned because of insufficient funds. As a result, Cashland incurred a check charge of $44.50.

On May 11, 2001, the Debtor paid $50.00 to Cashland.

On August 29, 2001, the Debtors filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code.

On September 21, 2001, the Court sent notice to Cashland of the Debtors' bankruptcy petition. In said notice, the Court set January 30, 2002, as the deadline for creditors to file a proof of claim.

On October 4, 2001, Cashland filed a proof of claim as an unsecured creditor

in the amount of $752.50. This amount was calculated as follows:

| | |
|---|---|
| 4/14/01 Checks | $575.00 |
| Returned Check fee | $ 44.50 |
| Payment Made | -$ 50.00 |
| Liquidated damages pursuant to O.R.C. § 2307.61(a)(1)(b), pro-rated to reflect partial payments | $183.00 |
| Total | $752.50 |

On February 7, 2002, the Court confirmed the Debtors' Chapter 13 Plan. In this plan, it was provided that the Debtors' unsecured creditors were to be paid 100% of their allowed claims.

On June 8, 2002, the Debtors filed an objection to Cashland's proof of claim.

In addition to the above information, the Parties do not dispute that Cashland is a check-cashing business and as such is regulated by Ohio law. *See* O.R.C. § 1315.35(A).

Section 2913.11 of the Ohio Revised Code, which is entitled "Passing Bad Checks," makes it a crime for any person "with purpose to defraud, ... [to] issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored." In addition, to the criminal penalties imposed for a violation of this provision, O.R.C. § 2307.61 [1] creates a civil cause of action for any party aggrieved by a person's violation of § 2913.11. In pursuing a civil cause of action, § 2307.61(A)(1) permits a party to pursue either compensatory damages or liquidated damages. For a party, such as Cashland, who seeks to recover liquidated damages, paragraph (A)(1)(b) of the statute provides two options: First, pursuant to subparagraph (i), the aggrieved party may recover "Two hundred dollars[.]" Second, as set forth in subparagraph (ii), the aggrieved party may recover "[t]hree times the value of the property at the time it was willfully damaged or was the subject of a theft offense ...." In this case, of course, given that Cashland is attempting to recover, on a prorated basis, Two Hundred dollars ($200.00) in liquidated damages from the Debtor, it is apparent that Cashland is seeking to collect damages under subparagraph (A)(1)(b)(i), and not subparagraph (A)(1)(b)(ii).

■ Recently, the Ohio State legislature established a regulatory scheme for businesses, such as Cashland, engaged in the practice of cashing checks. *See* O.R.C. § 1315.35 thru 1315.44. In doing so, the legislature, under paragraph (D) of § 1315.41, proscribed check-cashing busi-

---

1. As applicable at the time of the Parties' transaction, this statute provides, in relevant part:

(A) If a property owner brings a civil action pursuant to section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property, the property owner may recover as follows:

(1) In the civil action, the property owner may elect to recover moneys as described in division (A)(1)(a) or (b) of this section:

(a) Compensatory damages that may include, but are not limited to, the value of the property and liquidated damages in whichever of the following amounts applies:

....

(b) Liquidated damages in whichever of the following amounts is greater:

(i) Two hundred dollars;

(ii) Three times the value of the property at the time it was willfully damaged or was the subject of a theft offense, irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price.

nesses from collecting "treble damages pursuant to division (A)(1)(b)(ii) of § 2307.61 of the Revised Code in connection with any civil action to collect a loan after a default due to a check . . . that was returned or dishonored for insufficient funds[.]" However, no equivalent provision was enacted which prohibited a check-cashing business from recovering the Two Hundred dollars ($200.00) in liquidated damages set forth in subparagraph (A)(1)(b)(i) of § 2307.61. Thus, given the specificity by which the Ohio State Legislature proscribed a check-cashing business from collecting certain types of damages, no such limitation will be inferred where it was not specifically stated. Accordingly, in this case, since Cashland, as stated above, was clearly attempting to collect damages from the Debtor in accordance subparagraph (A)(1)(b)(i) of § 2307.61, O.R.C. § 1315.41(D) provides no basis for the Debtors' objection.

■ Nevertheless, this does not automatically mean that Cashland is entitled to recover liquidated damages under subparagraph (A)(1)(b)(i) of § 2307.61. Of particular concern to the Court is the fact that, pursuant to the statutory structure of § 2307.61 as set forth above, a party receiving a bad check is only entitled to recover liquidated damages if it is established that the issuer violated § 2913.11 by acting with the purpose to defraud. *See H & W Door Co. v. Stemple*, 1994 WL 116257 (Ohio App. 11th Dist.). In this case, however, no evidence supporting the Debtor's actual violation of § 2913.11 has been presented. In fact, to the contrary, the fact that the Debtor made a payment to Cashland strongly mitigates against any finding of fraudulent intent. *See, e.g., Jack Master, Inc. v. Collins (In re Collins)*, 28 B.R. 244, 247 (Bankr.W.D.Okla.1983) (a subsequent partial payment mitigates the inference of an intent to defraud).

■ However despite these concerns, it is apparent that no harm will befall the Debtors by allowing Cashland to maintain its proof of claim in its present form. This is because Cashland has not included within its proof of claim a prepetition interest charge of Two Hundred Twenty-eight and 33/100 dollars ($228.33) which, in the absence of a liquidated damage charge, it would be clearly entitled to claim pursuant to both its contract with the Debtor and pursuant to O.R.C. § 1315.39(B). Thus, to have Cashland amend its proof of claim would merely replace a liquidated damage figure of One Hundred Eighty-three dollars ($183.00) with a higher interest rate charge.

Accordingly, for the above reasons, the Court finds that Cashland's proof of claim should be allowed in its entirety. Given this decision, the Court at this time declines to address whether the Debtors' objection should be disallowed for not being filed in a timely manner. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the objection of the Debtors, Troy and Michelle Gillis, to the proof of claim filed by Cashland, Inc., be, and is hereby, OVERRULED.

It is **FURTHER ORDERED** that the proof of claim filed by Cashland Inc., be, and is hereby, Allowed in the amount of Seven Hundred Fifty-two and 50/100 dollars ($752.50).